UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civ. No. 06-3871 RHK/AJB |
| v. | ) ) | **CONSENT DECREE** |
| SCHWALBACH HOLDINGS, INC., | ) ) | |
| Defendant. | ) ) ) | |

## INTRODUCTION

Plaintiff Equal Employment Opportunity Commission ("EEOC") instituted this action alleging that Schwalbach Holdings, Inc. ("Schwalbach") discriminated against Steven Long based upon disability by terminating him because he had multiple sclerosis. The EEOC contends that Schwalbach violated the Americans With Disabilities Act ("ADA"). Following arm's length negotiations, the parties reached mutually agreeable terms for resolution of this matter, which they submitted for the Court's review.

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) the requirements of the ADA will be carried out by the implementation of this Consent Decree, (iii) this Consent Decree is intended to and does resolve all matters in controversy in this lawsuit among the parties, (iv) the terms of this Consent Decree constitute a fair and equitable settlement of all issues in this

lawsuit, and (v) this Consent Decree is intended to and does resolve claims of the EEOC pursuant to the ADA that are based upon the employment and discharge of Steven Long.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

**I.   SCOPE OF DECREE**

**A**.   "Schwalbach" as used in this Decree shall include those companies owned by Schwalbach Holdings, Inc.

**B**.   The EEOC agrees that it will not bring any further claim against Schwalbach relating to any claims that have been or could have been brought as a part of this lawsuit. The EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation based upon allegations not included in the charge underlying this litigation.

**C**.   This Consent Decree shall be for a period of three years and can only be extended for good cause shown such as failure to comply with all obligations under the Decree. During the Consent Decree's term, the Court shall retain jurisdiction of this cause for purposes of compliance.

**II.   INJUNCTIVE RELIEF**

**A**.   Schwalbach is enjoined from discriminating based upon disability in violation of the ADA. Specifically, it is enjoined from discriminating against persons with disabilities in discharge from employment, and from retaliating against persons who oppose matters made unlawful by the ADA or participate in proceedings thereunder. Schwalbach shall inform its managers of the requirements of this Injunction, including instructing them on the

applicable provisions of the ADA.

   **B**.   Schwalbach is enjoined from making disability-related inquiries of applicants prior to a conditional offer of employment.  Schwalbach shall inform its managers of the requirements of this Injunction, including instructing them on the applicable provisions of the ADA.

## III. MONETARY RELIEF

   **A**.   Schwalbach shall pay Steven Long a total of $40,500, less applicable withholding.

   **B**.   The payments shall be made on the following schedule:

   **1**.   $8,500 lump payment shall be paid to Steven Long within fourteen days of the entry of this Decree by the District Court Judge;

   **2**.   $2,000 per month for sixteen months shall be paid to Steven Long thereafter.

   **C**.   One-half of the amount of the monthly payments (for a total of $16,000), shall be considered recovery for lost wages, and subject to withholding for employee deductions. The remainder shall be considered reimbursement for non-monetary damages and interest, and shall not be subject to withholding.  Schwalbach will issue a form W-2 for the $16,000 allocated to wage loss, and a form 1099 for the remainder.

   **D**.   The monthly payments to Steven Long shall be made by direct deposit into an account designated by Mr. Long on or before the 25th of each month.

   **E**.   The EEOC will provide Schwalbach with any necessary forms to assist in the

establishment of the direct deposit transactions under this Decree.

**F**. As a condition of receiving payments under this Decree, Steven Long will execute the Waiver and Release attached hereto as Exhibit A.

**IV.   REVISION OF THE EMPLOYMENT APPLICATION**

Schwalbach will assure that its application for employment does not contain any disability-related inquiries. It will assure that, to the extent that any former versions of its application containing such inquiries exist, those applications will be destroyed and will not be used in its stores.

**V.   POSTING OF NOTICE**

Schwalbach shall post and cause to remain posted the notice attached hereto as Exhibit B in a location where employee notices are typically posted for one year.

**VI.   COMPLIANCE**

**A**. Within 45 days of the entry of this Consent Decree, Schwalbach shall prepare and submit to the undersigned EEOC attorney a letter indicating its compliance with the terms of this Consent Decree.

**B**. During the term of this Consent Decree, Schwalbach shall allow representatives of the EEOC to review Schwalbach's compliance with this Consent Decree by inspecting and photocopying relevant documents and records, interviewing employees and management officials on their premises, and inspecting its premises. Such review of compliance shall be initiated by written notice to Schwalbach's attorney of record at least seven (7) business days in advance of any inspection of a District's documents or premises.

## VII. COSTS AND ATTORNEYS FEES

Each party shall bear that party's own costs and attorneys fees.

**BY THE COURT:**

DATE:   1/11/08                    s/Richard H. Kyle
                                                   Richard H. Kyle
                                                   Senior United States District Judge

BY CONSENT:

FOR DEFENDANT SCHWALBACH HOLDINGS, INC.:

By   <u>Steven W. Wilson</u>  .

Its   <u>Attorney at Law</u>  .

BY CONSENT:

FOR PLAINTIFF EEOC:

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Equal Employment Opportunity Commission
1801 L Street N.W.
Washington, DC  20507


 s/John C. Hendrickson
JOHN C. HENDRICKSON
Regional Attorney


 s/Jean P. Kamp
JEAN P. KAMP
Associate Regional Attorney

Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, IL  60661
(312) 353-8551


 s/Laurie A. Vasichek
Laurie A. Vasichek (#0171438)
Senior Trial Attorney

Equal Employment Opportunity Commission
Minneapolis Area Office
330 Second Avenue South, Suite 430
Minneapolis, MN 55401
(612) 335-4061

# EXHIBIT A

In consideration for $40,500 paid to me by Schwalbach Holdings, Inc., in connection with the resolution of EEOC v. Schwalbach Holdings Inc., Civ. No. 06-3871 RHK/AJB, I waive my right to recover for any claims of disability discrimination under the Americans With Disabilities Act that I had against Schwalbach Holdings, Inc., and that were included in the claims made in EEOC's Complaint in EEOC v. Schwalbach Holdings, Inc., Civ. No. 06-3871 RHK/AJB.

Dated: _____          _____
                                       Steven Long

## EXHIBIT B

## NOTICE TO EMPLOYEES

This Notice is posted pursuant to a Consent Decree resolving a lawsuit with the Equal Employment Opportunity Commission ("EEOC").  The EEOC brought suit against Schwalbach Holdings, Inc. ("Schwalbach"), alleging that it had discriminated against an employee based upon his disability.  Schwalbach denied the allegations of discrimination in its answers to the Complaint in this matter, and no party to this Consent Decree admits the claims or defenses of the other parties.  In resolution of this lawsuit, Schwalbach Holdings, Inc. agreed to provide monetary relief, to post this notice, and provide other equitable relief.

Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin or age (40 and over) with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment.

Schwalbach Holdings, Inc. will comply with such Federal law in all respects and will not take any action against employees because they have exercised their rights under the law.

Specifically, Schwalbach Holdings, Inc. will not discriminate against employees on the basis of disability and will not ask any disability-related inquiries prior to a conditional offer of employment.

                                               s/Richard H. Kyle
                                               Richard H. Kyle
                                               Senior U.S. District Court Judge